1   James Segall-Gutierrez, Esq. (SBN 240439)
    **Law Office of James P. Segall-Gutierrez**
2   6709 Greenleaf Avenue, Suite 202
    Whittier, CA 90601
3   Tel: (562) 321-5950
    Fax: (562) 907-3791 fax
4   E-mail: jpsglaw@gmail.com

5   Herbert Hayden (SBN 248282)
    **HARRIS & ASSOCIATES**
6   865 South Figueroa Street, Suite 2750
    Orange, CA 90017
7   Tel: (213) 489-9833
    Fax: (213) 489-3761
8   E-mail: herbert@jwharrislaw.com

9   Attorneys for Plaintiffs

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14  ADELA HERNANDEZ, individually and          Case No.:
    as a Successor in Interest to JESUS DE
15  LEON, N.D.L., a minor and as a             **COMPLAINT FOR DAMAGES:**
    Successor in Interest to JESUS DE
16  LEON, by and through her Guardian Ad       **1.** Municipal Liability - 42 U.S.C. §
    Litem DIANA RAMIREZ; Ja.D.L., a                1983;
17  minor and as a Successor in Interest to    **2.** Cruel and Unusual Punishment -
    JESUS DE LEON, by and through her              8th Amendment & 42 U.S.C. §
18  Guardian Ad Litem IMELDA                       1983;
    RAMIREZ; J.D.L., a minor and as a          **3.** Failure to Prevent Violation of
19  Successor in Interest to JESUS DE              Civil Rights - 42 U.S.C. § 1983;
    LEON, by and through her Guardian Ad       **4.** Violation Substantive Due Process
20  Litem IMELDA RAMIREZ;                          - 42 U.S.C. § 1983
21
                    Plaintiffs
22
    v.
23
    CAPTAIN LUKE SOUTH, individually
24  and in his official capacity as a PEACE
    OFFICER of the ORANGE COUNTY
25  SHERIFF'S DEPARTMENT; COUNTY               **DEMAND FOR JURY TRIAL**
    OF ORANGE; ORANGE COUNTY
26  SHERIFF'S DEPARTMENT; and DOES
    1 through 50, inclusive,
27
                    Defendants.
28

**COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8

COMES NOW ADELA HERNANDEZ, individually and as a Successor in Interest to JESUS DE LEON, N.D.L., a minor and as a Successor in Interest to JESUS DE LEON, by and through her Guardian Ad Litem DIANA RAMIREZ; JaD.L., a minor and as a Successor in Interest to JESUS DE LEON, by and through her Guardian Ad Litem IMELDA RAMIREZ; J.D.L., a minor and as a Successor in Interest to JESUS DE LEON, by and through her Guardian Ad Litem IMELDA RAMIREZ (collectively, "Plaintiffs"), who, having been denied their civil rights, hereby respectfully allege, aver, and complain as follows:

9
10

## I.

11

## INTRODUCTION

12
13
14
15
16
17
18
19

1.    In this action, the Plaintiffs seek compensatory and punitive damages from defendants for violating their various civil rights under the U.S. Constitution and state law namely in connection with their cruel and unusual treatment of decedent Jesus De Leon who died on or about February 20, 2018 while in defendants' custody at the Theo Lacy Facility Jail after suffering increased high blood pressure that went untreated from January 1, 2018 until the date of Jesus' death, as a result of defendants' unreasonable actions and omission, despite defendants being placed on notice of decedent Jesus De Leon's debilitating condition.

20
21
22

2.    At all relevant times herein, decedent Jesus De Leon (hereinafter referred to as "Jesus" or "decedent") was an individual residing in the City of Los Angeles, County of Los Angeles, State of California.

23

## II.

24

## JURISDICTION

25
26
27
28

Jurisdiction is vested in this court under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §§ 1981, 1983, 1985 and 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is also

1

2 vested in this court under the ancillary jurisdiction of the court.

3 ## III.

4 ## VENUE

5    3.    Plaintiffs' claims, alleged herein, arose in the County of Orange, California.

6 Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. §

7 1391 (b)(2).

8 ## IV.

9 ## PARTIES

10    4.    At all relevant times herein, Plaintiff Adela Hernandez ("Hernandez") was

11 an individual residing in the City of Los Angeles, County of Los Angeles, State of

12 California and is the mother of Jesus. Plaintiff Hernandez sues in her individual

13 capacity as the mother of Jesus and as Successor in Interest, pursuant to Section

14 377.30 of the California Code of Civil Procedure. Attached hereto is a declaration

15 attesting to Plaintiff Hernandez's right to commence this action as a Successor in

16 Interest to Jesus.

17    5.    At all relevant times herein, Plaintiff N.D.L. was a minor residing in the City

18 of Los Angeles, County of Los Angeles, State of California, and is the daughter of

19 Jesus. N.D.L. sues in her individual capacity as the daughter of Jesus and as

20 Successor in Interest, pursuant to Section 377.30 of the California Code of Civil

21 Procedure, by and through her Guardian Ad Litem, Diana Ramirez. Attached hereto

22 is a declaration from N.D.L.'s Guardian Ad Litem, Diana Ramirez, attesting to

23 N.D.L.'s right to commence this action as a Successor in Interest to Jesus.

24    6.    At all relevant times herein, Plaintiff Ja.D.L. was a minor residing in the

25 City of Los Angeles, County of Los Angeles, State of California, and is the daughter

26 of Jesus. Ja.D.L. sues in her individual capacity as the daughter of Jesus and as

27 Successor in Interest, pursuant to Section 377.30 of the California Code of Civil

28 Procedure, by and through her Guardian Ad Litem, Imelda Ramirez.  Attached

hereto is a declaration from Ja.D.L.'s Guardian Ad Litem, Imelda Ramirez, attesting

## COMPLAINT FOR DAMAGES

1

2  to Ja.D.L.'s right to commence this action as a Successor in Interest to Jesus.

3       7.    At all relevant times herein, Plaintiff J.D.L. was a minor residing in the City

4  of Los Angeles, County of Los Angeles, State of California, and is the son of Jesus.

5  J.D.L. sues in his individual capacity as the son of Jesus and as Successor in

6  Interest, pursuant to Section 377.30 of the California Code of Civil Procedure, by

7  and through his Guardian Ad Litem, Imelda Ramirez. Attached hereto is a

8  declaration from J.D.L.'s Guardian Ad Litem, Imelda Ramirez, attesting to J.D.L.'s

9  right to commence this action as a Successor in Interest to Jesus.

10      8.    At all relevant times, Defendant Captain Luke South ("South") was a

11 resident of the County of Orange, California, and was a peace officer of Orange

12 County Sheriff's Department, employed by the County, and acting under the color

13 of law and within the course and scope of his employment with the County.  Upon

14 information and belief, Defendant South at all relevant times herein, was responsible

15 for the commanding officer of the Theo Lacy Facility Jail which is a maximum-

16 security housing approximately 3,442 inmates; the Jail is the largest jail facility in

17 Orange County. Upon further information and belief, Defendant South is also

18 charged with ensuring that inmates at the Theo Lacy Facility Jail receive medical,

19 mental health, and dental care.

20      9.Defendant South was at all relevant times herein the commanding officer of the

21 Theo Lacy Facility Jail, and he, along with other officials of County and Does 1 to

22 50, at all times possessed the power and the authority and were charged by law with

23 the responsibility to enact policies and to prescribe rules and practices concerning

24 the operation of the Orange County Sheriff's Department's Custody and Courts

25 Command, including the Theo Lacy Facility Jail,  and/or were supervisors of the

26 defendant-officers.

27      10.   Plaintiffs are ignorant of the true names and capacities of defendants sued

28 herein as Does 1-50, inclusive, and therefore, sues those defendants by such

fictitious names. Plaintiffs will amend this Complaint to allege their true names and

**COMPLAINT FOR DAMAGES**

1    capacities when ascertained. Plaintiffs are informed and believe, and thereon allege

2    that each of the fictitiously named defendants is responsible in some manner for the

3    occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were

4    proximately caused by these defendants.

5        11.   At all times herein mentioned, defendant-officers Does 1-50, inclusive,

6    were individuals employed as police officers, sergeants, lieutenants, captains, chiefs,

7    agents and representatives of the Defendant Orange County Sheriff's Department

8    and employees, agents and representatives of the Defendant County of Orange.

9        12.   At all times herein mentioned, defendant-officers Does 1-50, inclusive,

10   were acting within the scope of their employment as police officers, sheriffs,

11   sergeants, lieutenants, captains, chiefs, agents and representatives of Defendant

12   Orange County Sheriff's Department and employees' agents and representatives of

13   Defendant County of Orange. Defendant Officers were at all times relevant to this

14   Complaint duly appointed and acting officers of Defendants Orange County

15   Sheriff's Department and County of Orange, acting under color of law, to wit, under

16   color of the statues, ordinances, regulations, policies, customs and usages of the

17   State of California and/or the County of Orange. Plaintiffs were deprived of an

18   interest protected by the Constitution and/or laws of the United States of America,

19   and each and every defendant caused, by commission or omission, such deprivation

20   while acting under color of law.

21       13.   Each and every defendant who is a natural person is sued in both his/her

22   individual/personal capacity, as well as in his/her official capacity if he/she had any

23   policymaking duties, functions, or responsibilities with respect to the matters alleged

24   herein.

25       14.   Each and every allegation set forth in each and every averment of this

26   pleading hereby is incorporated by this reference in each and every other averment

27   and allegation of this pleading.

28       15.   All acts and/or omissions perpetrated by each defendant, except any

**COMPLAINT FOR DAMAGES**

1  governmental entity defendant, was engaged in maliciously, callously, oppressively,

2  wantonly, recklessly, with deliberate indifference to the rights allegedly violated,

3  despicably, and with evil motive and/or intent, in disregard of the rights of Plaintiff.

4      16.   Plaintiffs are informed and believe and thereupon allege, that in perpetrating

5  the foregoing acts, each individual defendant was the agent or employee of each

6  other defendant, was acting within the course and scope of such agency or

7  employment and was acting under color of state law and municipal authority.

8      17.   Defendants County of Orange and Orange County Sheriff's Department and

9  every defendant in his/her official capacity knowingly or with deliberate

10  indifference to the rights allegedly violated caused to come into being, maintained,

11  fostered, condoned, approved of, either before the fact or after the fact, ratified, took

12  no action to correct, an official policy, practice, procedure, or custom of permitting

13  the occurrence of the categories of wrongs set forth in this pleading, and/or

14  improperly, inadequately, with deliberate indifference to the constitutional or other

15  federal rights of persons, grossly negligently, with reckless disregard to

16  constitutional or other federal rights, failed to properly train, to supervise, to retrain,

17  if necessary, to monitor, or to take corrective action with respect to the County of

18  Orange and Orange County Sheriff's Department and with respect to the types of

19  wrongful conduct alleged in this pleading, so that each one of them is legally

20  responsible for all of the injuries and/or damages sustained by Plaintiffs.

21      18. On May 4, 2018, Plaintiffs filed comprehensive and timely claims for

22  damages against the Defendants with the County pursuant to applicable sections of

23  the California Government Code and the California Civil Code.  The claims were

24  declined/denied.

25                                    **V.**

26              **FACTS COMMON TO ALL CAUSES OF ACTION**

27      Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through

28  19 above of this Complaint with the same force and effect as if fully set forth herein.

19.     Decedent Jesus De Leon was incarcerated by the Orange County Sheriff's Department on or about January 1, 2018 at the Theo Lacy Facility located at 501 The City Drive South, Orange, CA 92868 (the "Jail").

20.     Prior to incarceration, decedent Jesus had been diagnosed with high blood pressure as early as March 2014.  Decedent was prescribed the medication Clonidine (brand: Catapres) to control his high blood pressure.  Indeed, Decedent regularly used the medication Clonidine from on or around March 2014 until he was incarcerated in the Jail on or about January 1, 2018.

21.     Before decedent Jesus was placed into custody at the Jail, decedent Jesus and Plaintiff Hernandez notified defendant-officers Does 1-50, inclusive, that decedent Jesus must regularly take Clonidine to control his high blood pressure. Decedent and Plaintiff Hernandez further told defendants that decedent must always continue to use the Clonidine as directed by his physicians in order to reduce his hypertension and to and keep it down. Decedent and Plaintiff Hernandez further informed defendants that decedent would likely need to take the medication for the rest of his life.

22.     On or around January 1, 2018, for reasons unknown to Plaintiffs, defendant-officers Does 1-50 unilaterally determined to discontinue decedent Jesus De Leon's regimen and treatment of Clonidine.  In fact, defendant-officers Does 1-50 without consulting decedent or Plaintiff Hernandez, or decedent's primary care physicians, began treating decedent with a drug that was not Clonidine or an antihypertensive of similar dosage.

23. While decedent Jesus was in custody between January 2018 until February 20, 2018, decedent regularly complained to Does 1-50 that his blood pressure was high and causing him pain.  Specifically, upon information and belief, decedent complained that he was suffering from headaches, which required him to visit the Jail's infirmary for treatment everyday.

24.  On or about February 17, 2018, defendants finally agreed to begin checking

**COMPLAINT FOR DAMAGES**

decedent Jesus's blood pressure on a daily basis using an electronic monitor. Each test revealed that decedent's blood pressure was rising and was excessively high. Notwithstanding the alarming blood pressure results, defendants still refused to offer or treat decedent with Clonidine.

25. Upon information and belief, on February 20, 2018 while in the Jail, decedent Jesus suffered a brain aneurism or brainstem stroke, sometime before 6:30 p.m. Upon further information and belief, decedent suffered from the aneurism/stroke for an unknown period of time in excess of one (1) hour before he was found by defendant-officers Does 1-50 face down on the ground. Defendants failure to promptly attend to decedent further exacerbated his injuries and prolonged decedent's pre-death pain and suffering.

26. At or around 6:30 p.m. on February 20, 2018, decedent Jesus De Leon was finally transported to the Emergency Department and intensive care unit at the University of California Irvine Medical Center by the defendants under a stroke code. Upon admission, decedent was observed as hemiplegic on his right side but somewhat somatic on his left side. Upon information and belief, one of decedent's admitting doctors noted that decedent "is not reportedly taking any blood thinners or antiplatelet medications". Upon further information and belief, the defendants' last knew well time ("LKW") for decedent was February 17, 2018, illustrating that defendants failed to furnish decedent medical care for three (3) days prior to the incident on February 20th.

27. Within hours of decedent's arrival at the hospital, he was diagnosed as suffering a likely devastating pontine hemorrhage.

28. While at the hospital, decedent Jesus De Leon suffered a coma, pneumonia, acute respiratory failure, paralysis and dysarthria, all due to the defendants' unreasonable and willful denial and failure to furnish decedent with medical care despite having specific knowledge regarding decedent's life-threatening medical condition and objective evidence that decedent was paralyzed by defendants'

**COMPLAINT FOR DAMAGES**

1  actions.

2  29. Plaintiff Hernandez, decedent's mother, arrived at UCI Medical Center on

3  February 21, 2018. Plaintiff Hernandez watched on for seven (7) days as her son

4  suffered and his condition worsened from hemiplegia and slurred speech to a

5  comatose vegetative state and ultimately to his death.

6  30. Decedent Jesus De Leon died on February 28, 2018 at the University of

7  California Irvine Medical Center. The causes of death as described by the Orange

8  County Coroner were acute pontine hemorrhage and hypertensive heart disease.

9

10  **FIRST CLAIM FOR RELIEF**

11  **Municipal Liability (42 U.S.C. § 1983)**

12  **(Plaintiffs against Defendants Cpt. Luke South, County of Orange and Orange**

13  **County Sheriff's Department)**

14  31. Plaintiffs incorporate by reference paragraphs 1 through 32 as though fully

15  set forth herein.

16  32. The Defendants Cpt. Luke South, County of Orange and Orange County

17  Sheriff's Department (hereinafter collectively the "*Monell* Defendants" perpetrated,

18  sanctioned, tolerated and ratified customs, practices, policies, and decisions of

19  failing to properly train employees as to provide medical care to inmates at the Jail

20  like decedent Jesus. *Smith v. Cty. of Los Angeles*, 535 F. Supp. 2d 1033, 1038 (C.D.

21  Cal. 2008)

22  33. The *Monell* Defendants perpetrated, sanctioned, tolerated and ratified

23  customs, practices, policies, and decisions of actively promulgating and condoning a

24  policy of denying medical care for inmates at the Jail like decedent Jesus. *Id.*

25  34. Specifically, as to decedent Jesus De Leon, he suffered for one and a half

26  months (from January 1, 2018 until February 20, 2018) the symptoms of elevated

27  and improperly treated hypertension as a result of the *Monell* Defendants' deliberate

28  indifference to his serious medical needs despite his complaints.

**COMPLAINT FOR DAMAGES**

35.  Moreover, on February 20, 2018, decedent suffered a brainstem stroke and remained unassisted, alone on the ground at the Jail for over one hour, without treatment or care from any of the Defendants.

36.  Decedent endured cruel and unusual punishment for over one month until he ultimately succumbed to the stroke on February 20, 2018.

37.  The violation of Plaintiff's civil rights occurred as a result of the widespread and settled custom, practice and/or policy in the Orange County Sheriff's Department and County of Orange. Any governmental entity defendant and any supervisor defendant employed by such government entity is liable to each plaintiff for all wrongs alleged in this Complaint under *Monell v. New York Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978).

38.  As a direct and proximate result of *Monell* Defendants' actions and the custom, practice and policies of Defendants County of Orange and Orange County Sheriff's Department, Plaintiffs have suffered damages in terms of lost wages, and other compensation; grieved the death of decedent Jesus De Leon; suffered physical and emotional injuries, including depression and loss of society, all of which is continuing. Plaintiffs' actual damages will be ascertained at trial.

39.  The conduct of the *Monell* Defendants was despicable, oppressive, malicious, and expressly intended to injure or damage Plaintiffs or was done with conscious disregard of his rights, thereby justifying an award of exemplary damages against Defendants in a sum appropriate to punish and make an example of Defendants.

### SECOND CLAIM FOR RELIEF

### Cruel and Unusual Punishment (8th Amendment & 42 U.S.C. § 1983)

### (Plaintiffs against All Defendants)

40.  Plaintiffs incorporate by reference paragraphs 1 through 41 as though fully set forth herein.

**COMPLAINT FOR DAMAGES**

41.   "Deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

42.   Decedent Jesus De Leon, a prisoner at the Jail from January 1, 2018 until February 20, 2018, suffered from a hypertension/high blood pressure for which he needed daily treatment, and for which he complained to Defendants on a daily basis since the beginning of his incarceration.  Defendants denied decedent Jesus the medication which he required although they were aware of his elevated blood pressure, complaints, and the need for the medication.

43.   Decedent Jesus De Leon suffered a brainstem stroke on February 20, 2018 and died on February 28, 2018 as a direct result of Defendants failure to render medical care, namely failing to treat with his prescription Clonidine (brand: Catapres).

44.   The conduct of each Defendant violated decedent Jesus De Leon's right not to be subjected cruel and unusual punishment while in the custody of Defendants.

45.   Defendants violated decedent's civil rights by their unreasonable and willful denial and failure to furnish decedent with medical care despite having specific knowledge regarding decedent's life-threatening medical condition and objective evidence that decedent was paralyzed by Defendants' actions.

46.   Further, Defendants conduct of failing to furnish decedent Jesus De Leon with medical care was done in violation of California Government Code Section 845.6. Defendants are liable for injuries proximately caused by their failure to furnish or obtain medical care for decedent while in their custody as Defendants knew or had reason to know that decedent was in need of immediate medical care. Despite having specific knowledge regarding decedent's life-threatening medical condition and objective evidence that decedent suffered paralysis while in their custody, Defendants failed to take reasonable action to summon medical care.

47.   California Government Code Sections 845.6 and 815.2 also hold the public

11
**COMPLAINT FOR DAMAGES**

1 entity liable where the employee is acting within the scope of his employment.

2 Defendants acted, or purported to act, in the performance of their official duties and

3 scope of employment.

4     48. In acting as alleged in the Complaint, Defendants acted knowingly, willfully,

5 and maliciously and with reckless and callous disregard for decedent's federally

6 protected right and their statutorily created duty to take steps to provide a detainer or

7 prisoner with medical care. Furthermore, the customs, practices and policies of

8 Defendants amounted to deliberate indifference to the rights of decedent.

9     49. As a direct and proximate result of Defendants' actions, and the custom,

10 practice and policies of Defendants, decedent has suffered loss, injury and damages

11 as herein alleged.

12                        **THIRD CLAIM FOR RELIEF**

13     **Failure to Prevent Violation of Civil Rights (42 U.S.C. § 1983)**

14                **(Plaintiffs against All Defendants)**

15     50. Plaintiffs incorporate by reference paragraphs 1 through 51 as though fully

16 set forth herein.

17     51. As a result of the Defendants' deliberate indifference to decedent's serious

18 medical needs, decedent suffered for one and a half months (from January 1, 2018

19 until February 20, 2018) with elevated and improperly treated hypertension despite

20 his complaints. Moreover, on February 20, 2018, decedent suffered a brainstem

21 stroke alone on the ground of the Jail without treatment or care from any of the

22 Defendants for over one hour. Decedent endured cruel punishment for over one

23 month until he ultimately succumbed to a stroke on February 20, 2018.

24     52. At all dates and times herein, Defendants violated the civil rights of decedent

25 Jesus De Leon and Defendants were present at the scene in the Jail and/or were in

26 the position and of the authority to lawfully intervene in and prevent the unlawful

27 violations.

28     53. At all dates and times herein alleged, each Defendant violated the civil rights

**COMPLAINT FOR DAMAGES**

of decedent Jesus De Leon. Defendants had ample and reasonably sufficient time and opportunity to intervene and prevent the unlawful violations and were compelled to do so as peace officers under the Constitution of the United States of American and the laws of the State of California.

54. Defendants knowingly, willfully, maliciously and with reckless and callous disregard for decedent Jesus De Leon federally protected rights, violated such rights by refraining from intervening. Furthermore, the customs, practices and policies of the *Monell* Defendants amounted to deliberate indifference to the rights of decedent.

55. As a direct and proximate result of Defendants' action and inaction, the custom, practice and policies of Defendants, decedent Jesus suffered severe pain and suffering. Decedent Jesus suffered extreme and severe mental anguish and pain before he died as a result of Defendants' unlawful use of punishment. The amount of damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process Violation (42 U.S.C. § 1983)

### (Plaintiffs against All Defendants)

56. Plaintiffs incorporate by reference paragraphs 1 through 57 as though fully set forth herein.

57. Plaintiffs Hernandez (mother-son), N.D.L. (daughter-father), Ja.D.L (daughter-father), and J.D.L (son-father) had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationships with decedent Jesus De Leon.

58. Decedent Jesus had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him from life, liberty, or property in such a manner as to shock

**COMPLAINT FOR DAMAGES**

the conscience.

59. As a result of the Defendants' deliberate indifference to decedent's serious medical needs, decedent suffered for one and a half months (from January 1, 2018 until February 20, 2018) with elevated and improperly treated hypertension despite his complaints. Moreover, on February 20, 2018, decedent suffered a brainstem stroke alone on the ground of the Jail without treatment or care from any of the Defendants for over one hour. Furthermore, decedent endured cruel punishment for over one month until he ultimately succumbed to a stroke on February 20, 2018.

60. The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs with purpose to harm without any legitimate law enforcement objective.

61. As a result of the failure to medically treat decedent by Defendants, decedent Jesus suffered a loss of life. Plaintiffs Hernandez, N.D.L., Ja.D.L., and J.D.L. have been deprived of their life-long love, companionship, comfort, support, society, and care of decedent Jesus, and will continue to be so deprived for the remainder of their natural lives.

62. As a direct and proximate cause of the acts of Defendants Does 1 through 50, decedent Jesus suffered severe pain and suffering. Decedent Jesus suffered extreme and severe mental anguish and pain before he died as a result of Defendants' unlawful use of punishment. The amount of damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

63. Defendants, acting under the color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs.

64. Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

**COMPLAINT FOR DAMAGES**

65. The conduct of Defendants Does 1 through 50 was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of damages, including exemplary and punitive damages, as to Defendants Does 1 through 50.

66. Defendants Orange County and Orange County Sheriff's Department are vicariously liable for the wrongful acts of Defendants Does 1 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

67. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows on all Claims for Relief:

1. For general damages according to proof;

2. For special damages according to proof;

3. For medical expenses according to proof;

4. For pain and suffering;

5. For interest thereon as provided by law;

6. For attorneys' fees;

7. For punitive damages;

8. For costs of suit incurred herein; and

9. For such other and further relief as the Court may deem proper.


///

//

/

**COMPLAINT FOR DAMAGES**

1

2

3    Respectfully submitted,

4

5    DATED: May 22, 2019                    HARRIS & ASSOCIATES

6

7                                           By:  /s/ *Herbert Hayden*
                                                 HERBERT HAYDEN, ESQ.
8                                                Attorneys for Plaintiffs

9

10

11   DATED:  May 22, 2019                   LAW OFFICES OF JAMES P.
                                            SEGALL-GUTIERREZ
12

13
                                           By:  /s/ *James P. Segall-Gutierrez*
14                                               JAMES P. SEGALL-
                                                 GUTIERREZ, ESQ.
15                                               Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28                              **JURY TRIAL DEMANDED**

     Plaintiffs hereby demand a trial by jury.

**COMPLAINT FOR DAMAGES**

1

2

DATED:  May 22, 2019                              HARRIS & ASSOCIATES

3

4                                                          By:  /s/ *Herbert Hayden*
                                                              HERBERT HAYDEN, ESQ.
                                                              Attorneys for Plaintiffs
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**